Chief Judge Breitel
(dissenting). I would reverse and deny summary judgment to plaintiff. Clause 39(b) of the lease is ambiguous. The reference to the Realty Advisory Board collective agreement is unclear. It does not make explicit whether the labor rates in that agreement apply to the building in question even if the landlord is paying lower rates than those provided for in the collective agreement. The clause is ambiguous, too, in using the word "applied” rather than "applicable” in subdivision (i)(a) of clause 39(b). The ambiguity is then compounded in that same subdivision by the alternative computation if "no such agreement is in effect” because that computation may apply if "no such agreement is in effect” in the industry or it may apply if there has been such agreement in the industry, but it is not in effect as to the building in question.
Given the ambiguity, the parol evidence tendered in the tenant’s affidavit would not vary or contradict the written agreement, but would shed light on the meaning of the ambiguous terms. Moreover, the same evidence would certainly be admissible to justify reformation by establishing fraud on one side and misunderstanding on the other. This, of course, is not to say that I would conclude one way or another whether tenant’s position should be accepted, but I do conclude that an issue of fact exists in the submissions.
Lastly, the reference to tenant’s negotiator-representative as a lawyer is misleading. He practiced tort law for a brief period in California and for over two decades has been a businessman in various executive positions of middle rank with a series of financial and merchandising or manufacturing corporations. On the other hand, his contemporaneously made memorandum lends support to his version of the negotiations.
Judges Jasen, Gabrielli, Wachtler and Cooke concur with Judge Fuchsberg; Chief Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jones concurs.
*222 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.